UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDWARD JAMES CROMER #211902,

    Plaintiff,

v.

HEIDI E. WASHINGTON, et al.,

    Defendants.
_____/

Case No.  2:22-cv-0075

Hon.  Hala Y. Jarbou
Chief U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

On December 13, 2023, Plaintiff – state prisoner Edward James Cromer – filed a motion for a temporary restraining order (TRO) and a preliminary injunction. (ECF No. 75.)  Defendants filed a response.  (ECF No. 77.)  Plaintiff moves for an order enjoining Defendant Michigan Department of Corrections (MDOC) Director Heidi Washington and other MDOC officials from "attacking protected free speech, retaliation from speech, and enforcing rules or policies that threaten . . . protected speech." (*Id.*, PageID.609-610 (Plaintiff's proposed order).)

As an initial matter, the undersigned notes that Cromer's motion is not particularly clear.  Cromer's filing with the Court includes a proposed order (ECF No. 75, PageID.609-610), a memorandum of law (*id.*, PageID.611-612), a supporting affidavit (ECF No. 75-1) and a misconduct report written by Corrections Officer (CO) House on December 5, 2023 (ECF No. 75-2).  Cromer appears to assert that he was told to stop discussing with other prisoners the inability of prisoners in the MDOC to

successfully assert a habeas corpus petition in the State of Michigan. (ECF No. 75-1 (Cromer's affidavit).) Specifically, Cromer says that CO House, who is not a defendant, told him that he could not speak "if all of you claim to be in prison illegally." (*Id.*, PageID.618.) Cromer says that he subsequently received misconduct tickets in retaliation. (*Id.*) And, as noted, the misconduct ticket he received in December 2023 is included. This Class II misconduct ticket charged Cromer with being out of place, disobeying a direct order and creating a disturbance. (ECF No. 75-2, PageID.620.) The document provided by Cromer does not indicate the MDOC's factual findings as to that ticket.

Cromer's claims in this case, however, relate to events at the Marquette Branch Prison (MBP) many years ago. In his second amended complaint[1] (ECF No. 22), he asserts that his rights were violated when he was placed in the Marquette Branch Prison (MBP) Start Unit. (*See* ECF No. 24, PageID.224 (screening opinion, outlining Cromer's allegations).) The Start Unit is an alternative to administrative segregation. (*Id.*) It provides inmates with a more structured environment with the

---

[1] This case began as a civil action by six prisoners housed at Marquette Branch Prison (MBP) in Marquette, Michigan. (*See* ECF No. 9, PageID.26 (first amended complaint, listing plaintiffs); ECF No. 21, PageID.181 (order for severance).) After severance, Plaintiff Cromer filed his second amended complaint on April 14, 2022. (ECF No. 22.) In its screening opinion, ECF No. 24, the Court dismissed for failure to state a claim three defendants – Kessler, Mohrman and Minthorn – and Cromer's challenge to the constitutionality of an MDOC Policy Directive. (ECF No. 24, PageID.222, 245; ECF No. 25 (order for partial dismissal).) Following screening, the only remaining claims in the case were: (1) Plaintiff's Fourteenth Amendment equal protection and ADA challenges to the Start Unit; and (2) Plaintiff's First Amendment retaliation claim against Defendant Ricklefs. (ECF No. 24, PageID.245.) The remaining named defendants were MDOC Director Washington, MBP Warden Huss, Asst. Deputy Warden Pelky and Corrections Officer Ricklefs.

goal of reintegrating prisoners back to the general population. (*Id.*) Cromer says that he was wrongfully placed in the Start Unit and that the Start Unit is improperly managed. (*Id.*, PageID.225.) Cromer asserts that the Start Unit violates the Fourteenth Amendment under the Equal Protection Clause and the ADA. Cromer further alleges that Defendant Ricklefs retaliated against him for exercising free speech. (*Id.*)

Cromer is no longer confined at MBP. According to the MDOC's Offender Tracking Information System (OTIS), Cromer is currently confined at the Bellamy Creek Correctional Facility.

**II. Analysis**

Preliminary injunctions are "one of the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (quoting *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986)). The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id.*

These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its

equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ne. Ohio Coal.*, 467 F.3d at 1009. Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). Cromer makes no argument that he has a strong or substantial likelihood of success on the merits of his claim and presents no factual evidence which could support such a showing.

In addition, a party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claims pending in his complaint. *Colvin v. Caruso,* 605 F.3d 282, 299-300 (6th Cir. 2010). A motion for preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable. Simply put, a plaintiff is not entitled to a preliminary injunction on claims not pending in the complaint. *Ball v. Famiglio,* 396 F. App'x 836, 837 (3d Cir. 2010).

4

Here, Cromer's request for a preliminary injunction is unrelated to the subject matter of his complaint.

A plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages. *Overstreet*, 305 F.3d at 578. Plaintiff has failed to assert factors that establish that he will suffer irreparable harm in the absence of an injunction.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

### III. Recommendation

Therefore, it is recommended that the Court deny Plaintiff's motion for a TRO and for a preliminary injunction.

Dated:   December 29, 2023                    /s/ *Maarten Vermaat*
                                              Maarten Vermaat
                                              U.S. MAGISTRATE JUDGE

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).